UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELINDA KILIAN, | ) |
| Plaintiff, | ) No. CV-04-3091-MWL |
| v. | ) ORDER GRANTING DEFENDANT'S<br>) MOTION FOR SUMMARY JUDGMENT |
| JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security, | ) |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment, noted for hearing without oral argument on April 4, 2005. (Ct. Rec. 11, 15.) Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney David M. Blume represents the Commissioner. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 11) and **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 15).

Plaintiff filed her current application for disability insurance benefits ("DIB") in March of 2002 (Tr. 80.) At the hearing Plaintiff alleged an amended onset date of January 1, 1998

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT      - 1

due to spondylolisthesis. (Tr. 224-25.) Plaintiff previously filed an application in 1993 alleging an onset date of October 13, 1992 based on back pain and right leg numbness. (Tr. 25-26.) That claim was denied and Plaintiff did not appeal. Administrative Law Judge (hereinafter, "ALJ,") Thomas Gaye held a hearing on June 13, 2003. (Tr. 205.) The ALJ issued his decision denying benefits October 22, 2003, after finding that Plaintiff had not established changed circumstances to rebut the presumption of continuing non-disability. (Tr. 17.) The Appeals Council denied review. The matter is before this court pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

Because the second ALJ found that Plaintiff had not established a change in circumstances after the first unappealed decision, he adopted the findings of the first ALJ. Plaintiff had not engaged in substantial gainful activity during the period at issue. (Tr. 20.) The ALJ found that before the amended onset date of December 31, 1998, Plaintiff suffered from the severe impairments of congenital spondylosisthesis and obesity. (Tr. 20.) He found that Plaintiff's impairments do not meet or equal the requirements of the Listings. (Tr. 20.) The ALJ found that Plaintiff had the residual functional capacity ("RFC") for sedentary work during the relevant period. (Tr. 20-21.) He determined that Plaintiff was unable to perform her past relevant work. (Tr. 21.) At step five, the ALJ relied on the Grids and determined that Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 21.) The ALJ found Plaintiff was not disabled.

**STANDARD OF REVIEW**

The standard for review by this Court is set forth In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

> A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT            - 3

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

<u>Step 1</u>: Is the claimant engaged in substantial gainful activities?  20 C.F.R 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, benefits are denied. If not, the decision maker proceeds to step two.

<u>Step 2</u>: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to step three.

<u>Step 3</u>: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. 404 Subpt. P, App. 1. If the impairment meets or equals a listed impairment, the claimant is conclusively presumed to be disabled. If the impairment does not meet or equal a listed impairment, the evaluation continues to step four.

<u>Step 4</u>: Does the impairment prevent the claimant from performing past relevant work? 20 C.F.R. 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the decision maker determines the claimant's residual functional capacity. If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past work, the decision maker continues to step five.

<u>Step 5</u>: Is the claimant able to perform other work in the national economy considering age, education, work experience and residual functional capacity? 20 C.F.R. 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the initial burden of proving disability. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F. 2d 1496, 1498 (9th Cir. 1984).

**ISSUES**

Whether there is substantial evidence to support the ALJ's decision to deny benefits and, if so, whether that decision was based on proper legal standards. Plaintiff contends that the ALJ erred by finding no change in circumstances to rebut the

1  presumption of continuing non-disability after the first decision;
2  by rejecting Dr. Swofford's opinion, and by finding Plaintiff not
3  disabled at step five. (Ct. Rec. 12 at 10.)

**ADMINISTRATIVE HEARING**

Plaintiff was 31 years old at the time of the first ALJ's decision. (Tr. 18; 32.) She has a high school education and one year of college. (Tr. 78.) Plaintiff has worked as an extruder operator and as a waitress. (Tr. 81.) On average Plaintiff has to lie down about half of the day. (Tr. 220.) She cannot climb stairs and needs a wheelchair for shopping and family outings. (Tr. 93; 95.)

**ANALYSIS**

<u>Rebutting Presumption of Continuing Non-Disability
Based on Changed Circumstances</u>

Plaintiff contends the ALJ erred by finding that there was no change in circumstances between the first denial of benefits and the second sufficient to overcome the presumption of continuing nondisability. (Ct. Rec. 12 at 13.) She relies on worsening obesity and mental impairments as changed circumstances. (Ct. Rec. 16.) The Commissioner responds that the ALJ's determination is correct because there is essentially no evidence of worsening obesity or mental impairments before Plaintiff's last insured date of December 31, 1998. (Ct. Rec. 16 at 8.)

As noted, the first ALJ found Plaintiff was not disabled. Plaintiff did not appeal this determination. Pursuant to 42 U.S.C. § 405(h), that finding became binding under principles of *res judicata*. *See Taylor v. Heckler*, 765 F. 2d 872, 975 (9th Cir. 1985); *Stuckey v. Weinberger*, 488 F. 2d 904 (9th Cir. 1973) (en banc). *Res judicata* is

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT          - 5

properly applied in the administrative context, although in this context "the *res judicata* doctrine is not as rigid as it is with courts." *Lyle v. Secretary of Health and Human Services*, 700 F. 2d 566, 568 at n. 2, *quoting Stuckey*, 488 F. 2d at 911.

The presumption of continuing non-disability may be overcome if Plaintiff shows changed circumstances. *Id*. The second ALJ points out several types of changes in circumstance that courts have found may rebut the presumption:

> "A claimant may rebut the presumption by showing a 'changed circumstance' affecting the issue of disability with respect to the unadjudicated period, *e.g.*, a change in the claimant's age category . . . an increase in the severity of the claimant's impairments, *the alleged existence of an impairment not previously considered*, or a change in the criteria for determining disability."

Tr. 18. (italics added).

Plaintiff alleges her circumstances have changed because she suffers from mental impairments, specifically, anxiety and depression. (Ct Rec. 12 at 14-16.) Plaintiff's prior application did not allege a mental impairment, so it was not considered by the first ALJ. It was not argued to the second ALJ. The unadjudicated period in this case is the date of the first decision, March 25, 1994, through the date of last insured, December 31, 1998. (Tr. 18.) Plaintiff contends that the recent ALJ committed reversible error by failing to call a medical expert to determine the date of onset of mental impairments. The Commissioner responds that there is no medical evidence of a mental impairment until March of 2000 - well after the Plaintiff's date of last insured. (Ct. Rec. 16 at 10.)

The Commissioner is correct. The first evidence in the record of a mental impairment is a notation from the Swofford Clinic on March

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT           - 6

13, 2000, that because Plaintiff wanted to quit smoking and was "somewhat tearful," Wellbutrin was prescribed. (Tr. 199.) Additionally, the evidence shows that Plaintiff reported her depression "improved significantly" on medication. (Tr. 148.)

Plaintiff fails to rebut the presumption of continuing non-disability with respect to claimed mental impairments. Alternatively, even if *res judicata* should not be applied, there is simply no evidence that Plaintiff suffered a mental impairment before her date of last insured.

Plaintiff alleges that obesity is an impairment that has worsened since the prior decision, also constituting a change of circumstance. (Ct. Rec. 12 at 16.) The Commissioner responds that "[h]er weight increase does not, however, necessarily mean that the functional limitations obesity caused increased as well. . . although Plaintiff's weight increased during the functional period, the record does not indicate that this increase added to the functional limitations her obesity already caused, as shown below by the sparse medical records from that period." (Ct. Rec. 16 at 10-11.)

The first ALJ found Plaintiff's obesity was a severe impairment, though not sufficient to meet or equal the Listings. (Tr. 26-27.) As noted by the Commissioner, the record shows that Plaintiff gained 24 pounds between May of 1993 (just after filing her application) and December of 1998, weighing 210 pounds and 234 pounds, respectively and standing 5'4". (Ct. Rec. 16 at 10.)

At the first hearing on December 15, 1993, the ALJ states:

> "[Plaintiff] testified that she lives with her husband and two children, ages three and five. The husband works 12 hours a day and the claimant takes care of the children. She does all the housework, the cooking, laundry and grocery shopping.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT           - 7

> She goes to watch her husband play softball . . .
> The children get things for her and her mother helps
> her every day . . .
>
> Her testimony that she was instructed to
> stop exercising is unsupported by the record.
> To the contrary, Dr. Camp emphasized the
> importance of physical conditioning. . . The
> claimant's disregard of medical advice suggests
> that her symptoms are not as severe as alleged."

Tr. 29-30.

It is difficult to see how a weight gain of 24 pounds is a changed circumstance establishing a worsening of Plaintiff's condition. There is no medical evidence for 1995 or 1996. In 1997, Plaintiff reported back pain twice, possible related to kidney stones. (Tr. 192.) In March of 1998, Plaintiff again had kidney stones. (Tr. 192-93.) This is the extent of the medical evidence regarding Plaintiff's back pain before her last insured date. The scant evidence of back pain appears to be related to kidney stones, an impairment unrelated to obesity. Alternatively, even if *res judicata* should not be applied, there is no evidence that a weight gain of 24 pounds had any effect on Plaintiff's level of impairment before December 31, 1998. The court addresses the remaining issues on the merits as an alternative holding.

### 2. Weighing the Treating Physician's Opinion

Plaintiff contends that the ALJ erred by failing to properly credit the opinion of her treating physician, J. Swofford, M.D. (Ct. Rec. 12 at 17.) The Commissioner responds that the ALJ appropriately rejected Dr. Swofford's opinion because it is unsupported by the record as a whole; additionally, the opinion of consulting physician Charles Wolfe, M.D., is consistent with the medical evidence. (Ct. Rec. 16 at 12-13.)

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT - 8

1   The opinion of a non-examining physician may constitute substantial evidence if it is supported by other evidence and is consistent with it. *Andrews v. Shalala*, 53 F. 3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F. 3d 821, 830-31 (9th Cir. 1995). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of either an examining or a treating physician. *Lester*, at 831 citing *Pitzer v. Sullivan*, 908 F. 2d 502, 506 n. 4 (9th Cir. 1990). An ALJ may reject the opinion of a physician if it is brief, conclusory, and unsupported by clinical findings. *Matney v. Sullivan*, 981 F. 2d 1016, 1019 (9th Cir. 1992).

The ALJ properly rejected Dr. Swofford's opinion that Plaintiff was unable to work after January 1, 1998 because it was both conclusory and unsupported by clinical findings. As indicated, there is no medical evidence for 1995 or 1996. Twice in 1997 Plaintiff reported back pain, possibly related to kidney stones. (Tr. 192.) In March of 1998 she again had kidney stones. (Tr. 192-93.) This is the evidence of Plaintiff's back pain before her last insured date. The ALJ correctly rejected Dr. Swofford's retrospective opinion that Plaintiff was unable to work as of January 1, 1998 because it was unsupported by the medical evidence.

As the Commissioner notes, the ALJ also relied on the testimony of consulting physician Charles Wolfe, M.D. (Ct. Rec. 16 at 13.) After Dr. Wolfe reviewed the record, he concluded that as of the last insured date, Plaintiff was able to work at a sedentary level. This is consistent with the very sparse medical records and provided an additional and proper basis for the ALJ to reject Dr. Swofford's conclusions.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT            - 9

### 3. Improper Step Five Analysis

Plaintiff posits that the ALJ erred in his step five analysis by relying on the Grids rather than on the vocational expert's testimony in deciding that Plaintiff is not disabled. (Ct. Rec. 12 at 18.) Citing *Macri v. Chater*, 93 F. 3d 540, 545 (9th Cir. 1996), the Commissioner answers that the ALJ correctly relied on the Grids because Plaintiff's alleged pain and mental impairments are insignificant nonexertional limitations. (Ct. Rec. 16 at 13.) The Commissioner notes that the ALJ properly rejected the hypothetical propounded by Plaintiff to the vocational expert because it was based on Dr. Swofford's discredited limitations. (Ct. Rec. 16 at 13-14.)

With respect to pain as a non-exertional limitation, Plaintiff told the first ALJ that she engaged in a wide range of activities of daily living. He found this testimony weighed against finding Plaintiff's complaints of disabling pain credible. (Tr. 29-30.) The court has addressed Plaintiff's alleged mental impairment.

An ALJ may properly rely on the Grids at step five if nonexertional limitations are insignificant. *Macri v. Chater*, 93 F. 3d 540, 545 (9th Cir. 1996). Plaintiff failed to establish that she suffered significant nonexertional impairment, caused by back pain or mental impairment, before December 31, 1998. The ALJ could therefore appropriately rely on the Grids.

The ALJ need not accept a VE's testimony if the hypothetical incorporates discredited limitations. When asked a hypothetical incorporating Plaintiff's established impairments, the VE testified that someone with Plaintiff's limitations could perform sedentary work in the local and national economies. There was no error at step five.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT        - 10

## Conclusion

Having reviewed the record and the ALJ's conclusions, this Court finds that substantial evidence supports the ALJ's findings and that his decision is free of legal error; therefore, remand is unnecessary.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Ct. Rec. 11) is **DENIED**.

2. The Commissioner's Motion for Summary Judgment (Ct. Rec. 15) is **GRANTED.**

3. Any application for attorney fees may be filed by separate Motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file **CLOSED.**

**DATED** this 15th day of April, 2005.


                                          s/ Michael W. Leavitt
                                          MICHAEL W. LEAVITT
                                          UNITED STATES MAGISTRATE JUDGE